1

2

3                    IN THE UNITED STATES DISTRICT COURT

4

5              FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   MONTE HANEY,                          No. C 15-1992 WHA (PR)

8              Plaintiff,                 **ORDER OF DISMISSAL**

9      v.

10  FRANK A. McGUIRE; C. WONG; J.
    HUNTER; I. CALANOE,

11

12             Defendants.
                                    /

13

14                          **INTRODUCTION**

15          This is a pro se civil rights complaint filed by a California prisoner proceeding pro se

16  under 42 U.S.C. 1983, against the Clerk and three Deputy Clerks of the California Supreme

17  Court, Frank A. McGUIRE, C. Wong, J. Hunter and I. Calanoe.  He claims that defendants

18  improperly failed to file a document accusing an attorney of misconduct.  Plaintiff is granted

19  leave to proceed in forma pauperis in a separate order.  For the reasons discussed below, the

20  complaint is **DISMISSED**.

21                          **DISCUSSION**

22  **A.    STANDARD OF REVIEW**

23          Federal courts must engage in a preliminary screening of cases in which prisoners seek

24  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

25  1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims

26  which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

27  monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2).

28          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

2  statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

3  upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

4  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

5  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

6  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

7  do. . . .   Factual allegations must be enough to raise a right to relief above the speculative

8  level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A

9  complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*

10  at 1974.  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901

11  F.2d 696, 699 (9th Cir. 1990).

12  **B.    LEGAL CLAIMS**

13      Plaintiff alleges that he sent a document accusing an attorney of misconduct to the

14  California Supreme Court, and he claims that defendants, who are the Clerk of Court and three

15  deputy clerks, violated his constitutional right of access to the courts by refusing to file the

16  document.

17      Defendants explained to plaintiff that the document could not be filed because plaintiff

18  did not submit "final" correspondence from the State Bar of California indicating that it had not

19  and would not take action against the attorney (Compl. Exs. C, G).  In addition, Plaintiff did not

20  submit the required number of copies of the document or proof that they had been served upon

21  the state bar officials, as required under the court rules (Compl. Ex. F).  Plaintiff disagrees with

22  defendants' actions because he included a letter from the State Bar declining to proceed against

23  the attorney (Compl. Ex. E).  It is clear from the State Bar's letter, however, that, as explained

24  by defendants, it is not the *final* letter from the State Bar instructing plaintiff that he could

25  proceed to the California Supreme Court (Compl. Exs. E, G).  Rather, the letter states that

26  plaintiff could obtain further assistance from or further review by State Bar officials (Compl.

27  Ex. E).

28      Prisoners have a constitutional right of access to the courts.  *Lewis v. Casey*, 518 U.S.

2

United States District Court
For the Northern District of California

1  343, 350 (1996). The right of access to the courts is limited to providing prisoners with the

2  capabilities to attack their convictions or sentences directly or collaterally and to file Section

3  1983 claims challenging the conditions of their confinement. *Id.* at 355. "Impairment of any

4  other litigating capacity is simply one of the incidental (and perfectly constitutional)

5  consequences of conviction and incarceration." *Ibid.* The right of access to the courts does not

6  extend to plaintiff's pursuing a complaint of misconduct by his defense attorney because the

7  complaint is not an attack on his conviction, sentence or conditions of confinement. Plaintiff's

8  allegations, if true, do not amount to a violation of his constitutional rights and therefore do not

9  state a cognizable claim for relief under Section 1983.

10  Moreover, defendants are immune from plaintiff's damages claims. Individuals

11  performing functions necessary to the judicial process are immune from damages. *Miller v.*

12  *Gammie*, 335 F.3d 889, 895-96 (9th Cir. 2003). State actors are granted absolute immunity

13  from damages liability in suits under Section 1983 only for actions taken while performing a

14  duty functionally comparable to tasks performed by judges at common law. *Id.* at 897. Filing

15  documents that comport with court rules — and refusing documents that do not — are judicial

16  tasks that satisfy the *Miller* test.

17  **CONCLUSION**

18  For the reasons set out above, this action is **DISMISSED** for failure to state a cognizable

19  claim for relief.

20  The clerk shall enter judgment and close the file.

21  **IT IS SO ORDERED.**

22  Dated: June ___1___, 2015.

23  WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE

24

25

26

27

28

3